R. J. MOREAU v. JOEL R. BOND, DISTRICT JUDGE.

No. 4350.   Decided April 15, 1925.

(— S. W., —).

1.—Criminal Procedure—Constitution—Speedy Trial.

By the Bill of Rights (Const., art. 1, sec. 10) one under indictment is entitled to a speedy public trial, and may have mandamus securing it, if refused. It is no defense to such demand that the person under indictment was, on conviction for another offense, serving a sentence for life imprisonment in the state penitentiary.   (Pp. 469, 470).

2.—Same.

It will be presumed that the officers of the state penitentiary would comply with a bench warrant from the court having jurisdiction over a pending indictment for murder, requiring the defendant, though serving a life sentence therein for a similar offense, to be sent down for trial before that court.   (P. 469).

3.—Same—Agreement—Judicial Discretion.

The right to a speedy trial guaranteed by the Bill of Rights can not be subject to judicial discretion; nor, it seems, can it be waived by an agreement between defendant and the state's counsel that the case should not be tried while defendant was serving sentence in the penitentiary on conviction for another offense.   (Pp. 470).

Original application to the Supreme Court for writ of mandamus requiring the judge of the District Court to proceed to trial of defendant on an indictment for murder therein pending.

*R. M. Lively,* for relator.

*James M. Shields,* District Attorney, for respondent.

MR. JUSTICE PIERSON delivered the opinion of the court.

At the September term, 1916, of the District Court of Van Zandt County, relator R. J. Moreau was charged by indictment with the murder of H. F. Goodnight and of Mrs. H. F. Goodnight. Thereafter, at the April term, 1917, of said District Court, he was put on trial and was convicted of the murder of H. F. Goodnight, and punishment at life imprisonment in the state penitentiary was assessed against him. He is now in the state pententiary.

The case against him for the murder of Mrs. H. F. Goodnight has never been tried, and is still on the docket of said District Court.

Relator alleges that by both oral and written motions he has requested and moved the judge of said District Court, the Honorable Joel R. Bond, to set down for trial the case against him for the murder of Mrs. Goodnight, but that said respondent has repeatedly and continuously refused to do so, and now refuses to do so, in violation of his rights as guaranteed under the Bill of Rights, Article 1, Section 10, of the Constitution of the State. He prays for a writ of mandamus to require said judge to give him "a speedy public trial", as he is entitled to under the Bill of Rights.

In the answer filed for respondent only one reason or defense why said mandamus should not issue is pleaded, to-wit: that by reason of the judgment and sentence in the case of the State of Texas v. Moreau for the murder of H. F. Goodnight, relator is now confined in the state penitentiary, and by virtue of said judgment and sentence he "is wholly without and beyond the jurisdiction of the District Court of Van Zandt County, Texas, or the judge thereof, to try him for another offense" * * *; that "there is no process known to the laws of the State of Texas to require or compel the prison authorities to release a prisoner in their charge to stand trial in another cause" * * *; and relator "being incarcerated in the state penitentiary by virtue of a judgment and sentence of a District Court, the Legislature has provided no means available to a District Court to release him therefrom, except by the most gracious writ of *habeas corpus.*" As stated, this is the only defense offered, and it is wholly without merit.

The District Court of Van Zandt County is a court of general jurisdiction within the confines of the State of Texas. It will be presumed that the officers of the state penitentiary will obey a bench warrant issued by said court, or such other legal summons as may be issued by said court, regarding the person of relator. If they should fail to do so, which will not be presumed, upon proper application adequate remedy may be had.

In resisting relator's motion for "a speedy public trial" on the charge against him for the murder of Mrs. H. F. Goodnight. the State's attorneys pleaded that at the conclusion of the trial of Moreau

for the murder of H. F. Goodnight, and at the time he was sentenced to life imprisonment in the state penitentiary, Moreau and his attorneys in open court entered into an agreement with the State's attorneys that Moreau would accept the judgment and sentence in that cause, and not appeal therefrom, and in consideration thereof the State would not put to trial the case against him for the murder of Mrs. Goodnight, but said case should remain on the docket of the court pending the service of the sentence in said other case, and that a notation was entered on the docket of said court to that effect. However, in the order denying and overruling relator's motion for a trial on the charge of the murder of Mrs. H. F. Goodnight. respondent, the Honorable Joel R. Bond, held and found that the agreement as above set out was void, without any consideration, and against public policy; but held that "as defendant is now confined in the state penitentiary, it is within the discretion of the court as to whether a bench warrant shall be issued causing defendant to be removed from his present sentence to stand trial in another cause, when, at most, if convicted, he would receive no greater sentence in this cause than he is now serving."

Those rights, fundamental in their nature, which have been guaranteed by the Bill of Rights cannot be the subject of judicial discretion. Judicial discretion is a legal discretion and not a personal discretion; a legal discretion to be exercised in conformity to the Constitution and the laws of the land. It is only in the absence of positive law or fixed rule that the judge may decide by his view of expediency or of the demands of justice or equity. The Bill of Rights, Section 10 of Article I of the Constitution, provides: "In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury" * * *.

None of the reasons suggested, either in the order overruling relator's motion for trial or in the answer to the petition for mandamus here, are good or have any foundation in law or justice. Certainly, under our Constitution and our laws, the relator is entitled to a trial on the charge against him.

The writ will issue as prayed for.