**FRANKEL v. WOODROUGH, District Judge.**

(Circuit Court of Appeals, Eighth Circuit. January 9, 1926.)

No. 282.

Mandamus ⊂⇒61—Writ will not issue to compel District Judge to try one who is without district serving valid sentence for a prior offense.

One serving sentence in federal penitentiary and desiring to be tried on indictment pending in another district has duty and right to take steps to procure his attendance, but cannot, by mandamus, compel his trial by judge of district where indictment is pending, who has neither power nor duty to remove him to that district for trial.

On Petition for Mandamus.

Petition by Albert E. Frankel for writ of mandamus, to be directed to Hon. Joseph W. Woodrough, United States District Judge for the District of Nebraska, Omaha Division. Writ denied.

Before STONE and VAN VALKENBURGH, Circuit Judges, and WILLAMS, District Judge.

STONE, Circuit Judge. This is a mandamus proceeding against Hon. Joseph W. Woodrough, one of the judges for the district of Nebraska, seeking to compel the trial by him of the petitioner who is under indictment in that district. The petitioner is now serving a sentence in the Leavenworth Penitentiary under conviction for another offense. The petitioner has heretofore presented his petition for the writ and asked leave to file the same. His right to such leave was determined in his favor by this court (7 F.[2d] 796) and a rule to show cause issued. Judge Woodrough has filed a response and the matter is now presented upon the petition for the writ and the response. The previous opinion stated the general conditions requiring the issuance of the writ and then said: "Whether the duty of the trial court is of the character above quoted may be determined upon the return to a rule to show

cause why the writ should not issue or, from the face of the tendered pleadings, on an application for leave to file the petition for the writ." That opinion then examined the pleadings tendered (the petition for the writ) to ascertain whether it stated grounds which entitled it to be filed and the rule for cause to issue. We determined such grounds were stated. The question now is whether such grounds have been established. The response is unchallenged in its essential averments. It shows that Judge Woodrough has been, at every term, ready and willing to try accused but unable to do so as accused is prevented from being present because he is imprisoned in another jurisdiction under a valid sentence. Respondent properly alleges that he has no power nor duty to remove the petitioner from the penitentiary, located without his district, to Nebraska for trial. He stands ready to try petitioner whenever he comes or can be brought before him.

If the government were urging trial and petitioner resisting or indifferent it would be the duty of the government, through its prosecuting officers, to take the steps necessary to procure the attendance of petitioner at the trial. If petitioner is urging the trial, it is his duty, as well as right, to take such steps as will procure his attendance. His desire for trial entails no obligation upon the prosecuting officers to secure his attendance.

We think the response has fully overcome the petition and that no right, as alleged in the petition, has been established. The result is that the writ should be and is denied.