## UNITED STATES ex rel. WHITAKER v. HENNING, District Judge.

(Circuit Court of Appeals, Ninth Circuit. November 15, 1926.)

No. 4979.

**1. Criminal law ⬤⟼573.**

A convict undergoing imprisonment is nevertheless entitled, under Const. Amend. 6, to speedy trial on another pending indictment for different offense.

**2. Criminal law ⬤⟼574.**

Const. Amend. 6, guaranteeing a speedy trial, must be liberally construed.

**3. Mandamus ⬤⟼16(1).**

Mandamus will not issue to compel court to take steps necessary to give one already imprisoned for a different offense a speedy trial on another pending indictment, where he will soon be released, and by presenting himself can obtain trial almost as soon without the writ as with it.

Petition by the United States, on the relation of Norman T. Whitaker, for a writ of mandamus to be directed against Hon. Edward J. Henning, Judge of the United States District Court for the Southern District of California. Petition denied.

Norman T. Whitaker, in pro. per.

Samuel W. McNabb, U. S. Atty., and James E. Neville, Asst. U. S. Atty., both of Los Angeles, Cal., for respondent.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

RUDKIN, Circuit Judge. This is a petition for a writ of mandamus against one of the judges of the District Court of the United States for the Southern District of California. The facts, as disclosed by the petition and the return to the show cause order heretofore issued by this court, are as follows:

In the latter part of the year 1921, two indictments were returned against the petitioner in the District Court of the United States for the Southern District of California, Southern Division—the first charging a violation of the Motor Vehicle Act; the second, a violation of the White Slave Traffic Act. On the trial of the first indictment the petitioner was convicted and is now confined in the United States penitentiary at Ft. Leavenworth, Kan., in execution of the judgment and sentence of the court. No proceedings were had under the second indictment, and the petitioner had no knowledge thereof until May of this year. On July 28 he filed a motion to dismiss the second indictment or to set the cause for trial. On August 2 an order was entered denying the motion to dis-

miss and setting the cause for trial on September 21. On August 25 the petitioner filed several motions, including a motion for an order in the nature of a writ of habeas corpus ad prosequendum, to remove the petitioner from the penitentiary at Ft. Leavenworth, Kan., to the Southern division of the Southern district of California for arraignment and trial. On September 8, 1926, a further motion was filed, praying for substantially the same relief as the last mentioned motion. On September 20 the hearing of all pending motions was continued until the following day. On September 21 a further continuance was granted for the period of one week. On October 4 an order was entered, setting the case for trial on October 12, and on the same day a demurrer to the indictment and the several motions interposed by the petitioner were denied and overruled. On October 12 the cause was stricken from the trial calendar.

The prayer of the petition is that an order issue out of this court, directing the respondent judge to show cause why a writ of mandamus should not issue, commanding him to order an immediate and speedy trial of the indictment, and to hold the trial thereof without further continuance, unless by stipulation of the parties; that an order be entered for the removal of the petitioner from the penitentiary at Ft. Leavenworth, Kan., to the place of trial; and for other appropriate relief. Upon the filing of the petition, an order to show cause was issued, as already stated, and the respondent judge has made return thereto. The return sets forth the different proceedings had in the cause, and avers that the respondent was ready and willing to try the petitioner on the several days set for trial, had the petitioner been present in court; but the respondent was unable to do so, because the petitioner was prevented from being present by reason of his confinement in another jurisdiction under lawful process. Further answering the show cause order, the respondent alleges that no request has been made by the government for the removal of the petitioner from the penitentiary at Leavenworth, Kan., to the Southern district of California, for trial, and that respondent has made no order for such removal, for the reason that there is no authority in law for such removal on application of a defendant, citing Frankel v. Woodrough (C. C. A.) 10 F.(2d) 360.

[1] Two questions are presented for decision by the petition and the return thereto: First, under the guarantee contained in the Sixth Amendment to the Constitution of the United States, is a convict undergoing imprison-

ment for crime entitled to a speedy trial of another indictment pending in the same court for another crime? And, second, if so, what is his remedy, or what steps must he take in order to avail himself of that right?

"It has been held that the right to a speedy trial does not apply to a convict; but the weight of authority is to the contrary." 16 C. J. 442.

The reason for the majority rule is well stated in State v. Keefe, 17 Wyo. 227, 98 P. 122, 22 L. R. A. (N. S.) 896, 17 Ann. Cas. 161: "The right of a speedy trial is granted by the Constitution to every accused. A convict is not excepted. He is not only amenable to the law, but is under its protection as well. No reason is perceived for depriving him of the right granted generally to accused persons, and thus in effect inflict upon him an additional punishment for the offense of which he has been convicted. At the time of defendant's trial upon the one information, he was under the protection of the guaranty of a speedy trial as to the other. It cannot be reasonably maintained, we think, that the guaranty became lost to him upon his conviction and sentence, or his removal to the penitentiary. Possibly in his case, as well as in the case of other convicts, a trial might be longer delayed, in the absence of a statute controlling the question, than in the case of one held in jail merely to await trial, without violating the constitutional right, for an acquittal would not necessarily terminate imprisonment. However, the purpose of the provision against an unreasonable delay in trial is not solely a release from imprisonment in the event of acquittal, but also a release from the harrassment of a criminal prosecution and the anxiety attending the same; and hence an accused admitted to bail is protected as well as one in prison. Moreover, a long delay may result in the loss of witnesses for the accused as well as the state, and the importance of this consideration is not lessened by the fact that defendant is serving a sentence in the penitentiary for another crime." See, also, Frankel v. Woodrough (C. C. A.) 7 F.(2d) 796, and the cases there cited.

[2, 3] The constitutional amendment must be liberally construed, and we have little doubt that the majority rule is the correct one. If the petitioner is entitled to a speedy trial, the law will afford him an adequate remedy. Whether that remedy is under the removal statute (R. S. 1014 [Comp. St. § 1674]), or by some application to the court in which the prosecution is pending, we need not now determine, further than to say that, if the removal statute has no application to a defendant, the court in which the prosecution is pending is vested with ample power to safeguard and protect him in all his constitutional rights by appropriate orders.

It appears in this case, however, that the petitioner was sentenced to a term of two years in the United States penitentiary on April 3, 1924, and the judgment of conviction was affirmed by this court May 11, 1925. When his term of imprisonment commenced we are not advised, but it was doubtless soon after the latter date. The Act of June 21, 1902, 32 Stat. 397, as amended by the Act of April 27, 1906, 34 Stat. 149 (Comp. St. §§ 10532–10534), provides that a prisoner convicted of any offense against the laws of the United States and confined in execution of the judgment or sentence for a definite term, less than life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from his term of sentence of six days for each month, where the sentence is for more than one year and less than three years. The petitioner avers in his petition that he has an excellent record in the penitentiary, and that he has been unanimously recommended for parole, so that he is entitled to a deduction of 144 days from his sentence, and should be discharged from imprisonment very early in the coming year. The court below stands ready to grant him a trial whenever he presents himself for that purpose, and he will therefore be able to obtain a trial almost as soon without the aid of a writ of mandamus from this court as with it.

Under such circumstances, we do not feel that we would be warranted in controlling or attempting to control the discretion of the court below.

For this reason, the petition is denied.