No. 14,426.

IN THE MATTER OF THE APPLICATION OF SCHECHTEL FOR A WRIT OF HABEAS CORPUS.
(82 P. [2d] 762)

Mr. WILLIAM A. BRYANS, for petitioner.

Mr. BYRON G. ROGERS, Attorney General, Mr. OLIVER DEAN, Assistant, Mr. JOHN A. CARROLL, Mr. O. OTTO MOORE, for respondents.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THIS is an original application for a writ of habeas corpus by Harry Schechtel who alleges that he is unlawfully restrained of his liberty under and by virtue of a criminal capias issued out of the seventh division of the district court of the second judicial district of the state of Colorado.

On the 5th day of October, 1935, in the district court

of the United States for the District of Colorado the petitioner was found guilty of an offense against the laws of the United States, and on said date was sentenced to a term of four years in the federal reformatory at El Reno, Oklahoma, where, and in the United States Detention Farm at La Tuna, Texas, to which he was subsequently transferred, he has been continuously confined by reason of said conviction until he was recently transported by a United States marshal to the City and County of Denver, Colorado, under the circumstances hereinafter mentioned. The federal sentence, with credit for good conduct, will not expire until November 2, 1938.

On April 11, 1936, when Schechtel was in federal prison, an indictment was returned against him by a grand jury within and for the second judicial district in the state of Colorado, wherein he was charged with the offense of conspiracy to commit a felony, to wit: Uttering a forgery, in violation of the laws of the state of Colorado, the alleged offense being distinct from that involved in the federal conviction. A capias upon the state indictment was issued on the 13th day of April, 1936, but was never served upon the petitioner until he was returned to Denver by a United States marshal in August, 1938. Soon after the indictment was returned the then district attorney of the second judicial district of Colorado, requested the warden of the federal reformatory, to which petitioner had been sentenced, to detain him upon the completion of the federal sentence for delivery to a Colorado officer, for return to Colorado for trial on the state indictment. No further formal action upon the part of anyone with reference to the state indictment was taken until January 12, 1938, when petitioner by counsel filed in the district court of the second judicial district a motion to dismiss the indictment upon the ground that the petitioner had been denied the right to a speedy trial of the charges contained in the indictment, guaranteed him by our Constitution

and statutes, alleging that five terms of said court, including the term at which said indictment was returned, had passed without a trial being had and that such delay was not due to or upon the application of the petitioner, nor were any continuances applied for or granted by or to the people to procure evidence or otherwise, and that petitioner has always been desirous of and ready for trial. It would appear that this motion was prompted by the circumstances that at about this time the petitioner had served a sufficient period in the federal prison to become eligible for parole, the granting of which, however, was precluded under the federal regulations by the pending state indictment. The petitioner bitterly complains that its pendency has deprived him of parole, but with this consideration we cannot be concerned since we know of no principle by which the officers in Colorado, charged with the prosecution of Colorado indictments, should be guided in their conduct by the federal prison parole status of the accused thereunder. The state resisted the motion upon the ground that it could not put petitioner on trial until the completion of the federal sentence, and asserted that it was ready to proceed with the trial at the September, 1938, term of the district court. By a well considered written opinion Judge Walsh of the district court overruled the motion to dismiss, but, in the light of the expressed intention of the state to try the case, recommended that the district attorney make application to the proper federal authorities for the return of the petitioner to Colorado for the purpose of arraignment under the indictment. After securing the consent of the Attorney General of the United States, the state district attorney filed an application for a writ of habeas corpus ad prosequendum in the United States district court for the district of Colorado, as a result of which an order was issued by that court directing the United States marshal for the district of Colorado to transport the petitioner from the federal detention farm at La Tuna, Texas, to Denver, Colorado, for ar-

raignment before the state district court, following which it was directed that the petitioner be returned by the United States marshal to the federal detention farm. Pursuant to this order the petitioner was returned to Colorado and lodged in the county jail of the City and County of Denver, whereupon the habeas corpus petition before us was filed.

This procedure is in accord with the practice approved in *In Re Miller*, 66 Colo. 261, 180 Pac. 749, where, in original proceedings in habeas corpus, it was asserted that the petitioner had been denied a speedy trial, which assertion was considered by this court after a motion to dismiss upon the same grounds as presented in this case had been denied by the district court. The petition before us is grounded upon substantially the same contentions as were advanced in the motion to dismiss the indictment filed in the district court. In addition to the matters which we have mentioned, the petitioner alleges that his wife and brother, upon several occasions, in informal discussions with the former and present district attorney of the second judicial district, requested that the state case against the petitioner be either dismissed or tried. To a limited extent these allegations are controverted by the respondent's answer, but we do not deem this issue pertinent, since we proceed upon the assumption, although we do not, however, so decide, that the petitioner's right to a trial was at no time dependent upon his demand therefor. The answer of the respondent details the factual situation substantially as outlined in our statement of facts and seeks to justify the delay in the trial of the state charges on the basis previously indicated. Section 16, article II, of our Constitution insures every person charged with crime "a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." Supplementing the constitutional provision and a legislative pronouncement of what, ordinarily at least, is to be regarded as a speedy trial within the

meaning of the constitutional requirement, section 485, chapter 48, '35 C. S. A. prescribes, inter alia, that "If any person shall be committed for any criminal or supposed criminal matter, and not admitted to bail, and shall not be tried on or before the expiration of the second term of the court having jurisdiction of the offense," in which computation the term at which the indictment is presented shall not be included, the prisoner shall be set at liberty unless the delay shall have been upon his application. Provision also is made by the statute for a continuance to the third term, but not beyond, if the court determines that there are reasonable grounds to believe that evidence on behalf of the people, hitherto not procured, may be produced upon such third term. In the case of persons committed or at large on bail, within this jurisdiction, our courts have repeatedly upheld, or directed, dismissal of indictments or informations where trial was not had within the time fixed by the statute. *Cummins v. People,* 4 Colo. App. 71, 34 Pac. 734; *Van Buren v. People,* 7 Colo. App. 136, 42 Pac. 599; *In re Miller, supra.*

The district attorney points out that petitioner was never committed or admitted to bail on the state indictment during the period involved and upon this basis argues that the statute is not available to him. It is unnecessary for us to determine the soundness of this technical contention in the proceeding before us, since it is evident that the fundamental right of an accused to a speedy trial springs from the constitutional provision. The statute must be regarded as having been enacted for the purpose of rendering the constitutional guarantee effective and providing a method of securing the right declared. If by the circumstances of the case the constitutional guarantee cannot be invoked by an accused, the statutes confer no additional right; otherwise, it may be considered as a tolerance limit for a delay in trial.

In *In re Garvey,* 7 Colo. 502, 4 Pac. 758, the dis-

missal of an indictment was granted an accused for failure to accord him a speedy trial, even though during at least a part of the period of delay he was in the Colorado state penitentiary under sentence for another offense. That case is in accord with the general rule, that a soverign may not deny an accused person a speedy trial by reason of the circumstance that he is incarcerated in one of that sovereign's penal institutions under a prior conviction and sentence in a court of that sovereign. *State v. Keefe,* 17 Wyo. 227, 98 Pac. 122, 22 L. R. A. (N.S.) 896, 17 Ann. Cas. 161; *Arrowsmith v. State,* 131 Tenn. 480, 175 S. W. 545, L. R. A. 1915E, 363; *People v. Flynn,* 7 Utah 378, 26 Pac. 1114; *Fulton v. State,* 178 Ark. 841, 12 S. W. (2d) 777; *Ex parte Hollandsworth,* 93 W. Va. 543, 117 S. E. 369.

These cases are based upon the principle that even though the accused under a pending indictment may be confined to a penal institution of the same sovereign, he is, nevertheless, in the actual custody and control of that sovereign and by its authority and at its will may be produced in court for trial upon the untried charge and that a delay of the trial thereon beyond a reasonable time, as contemplated or fixed by constitutional or statutory provisions, entitled the accused to a dismissal of the pending indictment upon precisely the same basis as if he was unrestrained in his liberty. In other words, the circumstance that one is convicted and imprisoned by a given sovereignty does not alter the degree of diligence required of the prosecuting officials of the same sovereignty in giving him a speedy trial upon any subsequent criminal charge.

Obviously, a very different situation exists where, as here, the United States has first acquired jurisdiction and custody of the petitioner and at the time the state indictment was returned, as well as during the period of delay, the federal government, and not the state of Colorado, has had him under its exclusive control. Under such circumstances it would seem certain

that unless, during the term of petitioner's federal sentence, an unqualified and absolute right reposed in the Colorado authorities to require the United States to permit the presence of the petitioner for trial before the Colorado court in which the indictment is pending, and without which presence no trial could be held, that the prosecuting officers of the state could not be charged with unreasonable delay in failing to proceed with the trial on the state indictment. It is clearly established by the case of *Ponzi v. Fessenden,* 258 U. S. 254, 42 Sup. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879, that the surrender of a federal prisoner to a state for trial in a state court on state charges, rests entirely within the discretion of the United States, and that no state, as a matter of unqualified right, can insist or require that a federal prisoner be produced for trial before its tribunal. Such a waiver by the federal authorities, when made, is based upon the principle of comity and the discretion is strictly controlled by federal policy and not by the desire of the state involved. In the case last mentioned Ponzi was incarcerated in the federal prison under a federal charge, as is petitioner here. There, however, the authorities of the state of Massachusetts procured the consent of the United States through the attorney general for the transfer of Ponzi to Massachusetts for trial on state charges there pending against him. He contended that by reason of the fact that he was a federal prisoner he could not be tried in the Massachusetts court until that disability was removed. The issue was decided adversely to him in the United States Supreme Court, where the late Chief Justice Taft said: "One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain

if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. *In re Andrews,* 236 Fed. 300; *United States v. Marrin,* 227 Fed. 314. *Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it. * * * Until the end of his term and his discharge, no state court could assume control of his body without the consent of the United States."* Nor will logic permit complaint if the waiver is not made.

We, therefore, must conclude that no constitutional right of the petitioner to a speedy trial was violated by failure of the state to put him on trial while he has been in the custody of the United States and serving a sentence in her prisons for a violation of her laws. Neither do we believe that any obligation under such circumstances is imposed upon the prosecuting authorities of the state of Colorado to make application to the federal government for the return of a federal prisoner to the state for trial on state charges. Our conclusion is further sustained by *Lee v. State,* 185 Ark. 253, 47 S. W. (2d) 11; *People v. South,* 122 Cal. App. 505, 10 P. (2d) 109, and *Raine v. State,* 143 Tenn. 168, 226 S. W. 189, in which the precise point was involved as here. The petitioner cites no authority in which a dismissal of a pending state indictment for delay in trial has been accorded where the accused was incarcerated in a federal prison; but he relies upon the analogy of the cases where the accused was incarcerated by the authority of the sovereign in which the questioned charges were pending.

The petition for the writ is denied.

Mr. Justice Hilliard, Mr. Justice Young and Mr. Justice Bakke concur.