## THOMPSON v. STATE et al.

No. A-11817. Aug. 6, 1952.

(247 P. 2d 535.)

W. B. Thompson, pro se.

L. J. Bicking, Co. Atty., Tulsa, Mac. Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondents.

BRETT, P. J. This is an original proceeding, filed herein on July 17, 1952, by a verified petition for a writ of prohibition, brought by W. B. Thompson, an inmate in the Federal Penitentiary at Leavenworth, Kansas.

It appears from the said petition that the petitioner was arrested on January 22, 1949, on some Federal charge in the Omaha District of the United States

District Court and on conviction thereof was sentenced on said Federal charge to 5 years imprisonment in the Federal Penitentiary at Leavenworth, Kansas, commitment thereon being effected on March 29, 1949. It further appears that petitioner has ever since said time been within the jurisdiction and under the control of Federal authorities, from which he is scheduled tobe discharged on August 13, 1952.

Petitioner complains that on March 31, 1949, there was received by the record clerk of the said penitentiary, notice from the sheriff of Tulsa county, Oklahoma, that warrant No. 56229 for petitioner's arrest was outstanding, on a charge of larceny by fraud. Petitioner further alleges that more than three years has elapsed since notice was received and that no attempt has been made to bring said petitioner to trial. By reason of the aforesaid fact petitioner says the statute of limitations has run in his favor. It appears he sought relief by motion to quash, or dismiss said proceedings in the district court of Tulsa county, Oklahoma, which was denied him.

The petition is without merit for two reasons, first, the petitioner being absent from the state the statute of limitations does not run in his favor. Title 22. § 153, O.S.A. 1951. Synnott v. State, 38 Okla. Cr. 281, 260 P. 517:

"In criminal cases other than prosecutions for murder, the prosecution must be commenced within 3 years after the commission of the acts constituting the offense, exclusive of the time, if any, during which a defendant is not an inhabitant of or usual resident within the state."

Secondly, the relief herein sought must be denied under authority of Hurst v. Pitman, 90 Okla. Cr. 329, 213 P. 2d 877-878, wherein it was held:

"Prisoner in federal penitentiary located in another state who sought dismissal of criminal prosecutions filed before justice court for alleged failure to grant him a speedy trial was not entitled to mandamus to compel dismissal of such prosecution pending against him before justice of peace sitting as a committing magistrate where warrants of arrest issued on three complaints filed before justice had never been served on accused and he was never brought within jurisdiction of justice court. O.S. 1941 Const. art. 2 §§ 6, 20." Crain v. State, 70 Okla. Cr. 45, 104 P. 2d 450. The last-quoted rule is controlling herein for the effect of the relief by writ of prohibition if granted would be identical with the writ of mandamus, which was denied the petitioner therein. For the above and foregoing reasons the writ of prohibition is accordingly denied.

JONES and POWELL, JJ., concur.