UNITED STATES of America, Plaintiff,

v.

Oscar James JACKSON, Defendant.

Crim. No. 8436.

United States District Court
E. D. Kentucky.

Oct. 21, 1955.

Henry J. Cook, U. S. Atty., Lexington, Ky., for plaintiff.

Oscar James Jackson, per se.

FORD, Chief Judge.

This case is submitted for judgment upon the motion of the defendant Oscar James Jackson to dismiss an indictment pending in this Court against him on the ground that he has been denied a speedy trial in violation of his rights under the Sixth Amendment of the Constitution of the United States.

It appears from the defendant's motion that since the return of the indictment on January 10, 1955, he has been incarcerated in the Kentucky State Penitentiary at Eddyville, Lyon County, Ky. The defendant has not completed service of the State sentence imposed upon him and he has not been surrendered to the custody of the United States.

The State of Kentucky and the United States of America, though exercising jurisdiction within the same territorial limits, are nevertheless separate and distinct sovereignties. Each acts independently of the other within their respective spheres. The State having taken the defendant into custody on a criminal charge and he being now in confinement in a state prison serving the penalty imposed by the State, he remains in the jurisdiction of the State until the completion of his State sentence unless sooner surrendered by the State to the jurisdiction of the United States. Under such circumstances the question of jurisdiction and custody is essentially one of comity between the two sovereignties and not a personal right of the individual. When a person has violated the criminal statutes of two different sovereignties, it is for the interested sovereignties and not the defendant to settle which shall first exercise jurisdiction. Under such circumstances, the question whether the United States shall invoke comity for the surrender of the defendant to its custody for the purpose of trial upon a Federal indictment is a matter within its discretion and involves no personal right of the defendant. Ponzie v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, Stamphill v. United States, 10 Cir., 135 F.2d 177, 178. It seems quite clear that failure to bring the defendant to trial under the indictment pending in this Court while he is in the lawful custody of the State does not deprive such person of his right to a speedy trial under the Sixth Amendment of the Constitution. Nolan v. United States, 8 Cir., 163 F.2d 768, 771; United States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957, 962.

The cases cited and relied upon by the defendant are all State cases which do not involve jurisdiction of different sovereignties.

For the reasons indicated, an order will be entered denying the defendant's motion.