In re Petition of James B. YAGER for Writ of Habeas Corpus Ad Prosequendum.

United States District Court
E. D. Kentucky, Lexington.
Feb. 27, 1956.

**718**

James B. Yager, pro se.

FORD, Chief Judge.

James B. Yager has tendered and seeks leave to file in this Court his petition for a writ of habeas corpus ad prosequendum, in forma pauperis.

It appears from his petition that he is presently confined in the United States Penitentiary at Terre Haute, Indiana, under a sentence imposed upon him by a District Court of the United States; that a warrant for his arrest for an offense alleged to have been committed in the State of Kentucky "is now being held by the Sheriff of Vigo County at Terre Haute, Indiana, and that the service of said warrant will supposedly be executed at the termination of petitioner's servitude in this Federal Penitentiary"; and that during his incarceration in the Federal Penitentiary he has applied to the officials of the Kentucky Court having jurisdiction of the State offense charged against him to grant him a "speedy trial" of his case pending in that court, but without avail.

The claim upon which the tendered petition rests is, in substance, that by thus holding in abeyance the execution of the State warrant of arrest against the petitioner and denying him a prompt trial in the State Court he is deprived of his constitutional right to a "speedy trial" in violation of the Sixth Amendment of the Constitution of the United States, as a result of which he "is suffering a great deal of anxiety, hardship, and personal restraint".

The State of Kentucky and the United States of America are separate and independent sovereignties. Under the facts disclosed by the petition, the question of custody of the petitioner is essentially one of comity between the two sovereignties and not a personal right of the individual. Whether the State of Kentucky shall invoke comity for the surrender of the petitioner to its custody for the purpose of trial upon a State charge is a matter within its discretion and involves no personal right of the petitioner. Ponzie v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607; Stamphill v. United States, 10 Cir., 135 F.2d 177. Failure of the State authorities to bring the petitioner to trial upon the charge pending against him in the State Court while he is in the lawful custody of the United States does not deprive such person of his right to a speedy trial under the Sixth Amendment of the Constitution. Nolan v. United States, 8 Cir., 163 F.2d 768; United States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957, and United States v. Jackson, D.C.E.D.Ky., 134 F. Supp. 872.

It thus appearing from the facts disclosed by the petition that the petitioner is not entitled to the relief prayed for, the filing and prosecution of petitioner's proceeding in forma pauperis should be and is denied. 28 U.S.C.A. § 2243.