## STATE v. JOSEPH LARKIN, ALSO KNOWN AS MICHAEL J. LARKIN.

98 N. W. (2d) 70.

July 24, 1959—No. 37,814.

*Joseph Larkin,* pro se, for relator.

*George M. Scott,* County Attorney, and *Per M. Larson,* Assistant County Attorney, for respondent.

DELL, CHIEF JUSTICE.

On January 2, 1958, a complaint was filed in Hennepin County charging defendant with the crime of using an automobile without the owner's permission in violation of M. S. A. 168.49, and a warrant was issued for his arrest. Before the warrant could be served and defendant arrested, he left the state and was subsequently sentenced to and imprisoned in the Federal Penitentiary at Leavenworth, Kansas. On February 20, 1958, a copy of the warrant was mailed to the warden of the penitentiary to be placed in his files as a detainer so that upon the expiration of defendant's Federal sentence he could be returned to Minnesota for further proceedings. In August 1958 defendant received permission from the office of the Attorney General of the United States to appear for trial in Minnesota. He then moved the District Court of Hennepin County to grant him a trial immediately. The

motion was denied on the basis of the county attorney's statement that defendant would be prosecuted after his release from prison.

Defendant now petitions this court for a writ of mandamus ordering said district court to grant him an immediate trial or in the alternative to discharge the warrant. His claim is that unless the writ is granted he will be deprived of his constitutional right to a speedy trial. That is the sole issue before us.

The general rule followed in the majority of the states and in the Federal courts is that under constitutional and statutory provisions designed to guarantee a speedy trial,[1] a sovereign may not deprive an accused person of that right even though he is already confined in one of the sovereign's penal institutions under a prior conviction and sentence.[2] This right is for the protection of the accused and, therefore, it may be waived.[3] The rule does not extend, however, to cases where the accused, by his own act, makes his trial impossible by absenting himself from the sovereign's jurisdiction and by engaging in other crimes which result in his confinement in another sovereign's prison system.[4] In the instant case defendant left the State of Minnesota be-

---

[1] See, Minn. Const. art. 1, § 6; M. S. A. 628.26.

[2] See, Annotation, 118 A. L. R. 1037.

[3] State v. McTague, 173 Minn. 153, 216 N. W. 787.

[4] Nolan v. United States (8 Cir.) 163 F. (2d) 768, certiorari denied, 333 U. S. 846, 68 S. Ct. 649, 92 L. ed. 1130; In re Yager's Petition (E. D. Ky.) 138 F. Supp. 717; United States v. Jackson (E. D. Ky.) 134 F. Supp. 872; Accardo v. State, 39 Ala. App. 453, 102 So. (2d) 913; In re Douglas, 54 Ariz. 332, 95 P. (2d) 560; Lee v. State, 185 Ark. 253, 47 S. W. (2d) 11; In re Schechtel, 103 Colo. 77, 82 P. (2d) 762, 118 A. L. R. 1032; People v. Brandfon, 4 App. Div. (2d) 679, 163 N. Y. S. (2d) 1007, reversing 4 Misc. (2d) 466, 157 N. Y. S. (2d) 864; People v. Peters, 198 Misc. 956, 101 N. Y. S. (2d) 755; Traxler v. State, 96 Okl. Cr. 231, 251 P. (2d) 815; Thompson v. State, 96 Okl. Cr. 8, 247 P. (2d) 535; Raine v. State, 143 Tenn. 168, 226 S. W. 189. Contra, Taylor v. United States, 99 App. D. C. 183, 238 F. (2d) 259; Kirby v. Warden of Maryland Penitentiary, 214 Md. 600, 133 A. (2d) 421; but see, Baker v. Marbury, 216 Md. 572, 141 A. (2d) 523; and see, State v. Kubus, 243 Minn. 379, 68 N. W. (2d) 217, certiorari denied, 349 U. S. 959, 75 S. Ct. 889, 99 L. ed. 1282; Nolly v. State (Ala. App.) 43 So. (2d) 841; People v. South, 122 Cal. App. 505, 10 P. (2d) 109; Perry v. Gwartney, 162 Kan. 607, 178 P. (2d) 185.

fore he could be arrested and tried and committed a crime for which he was sentenced to and confined in the Federal Penitentiary at Leavenworth. This state could not compel the Federal government to deliver him up for trial;[5] neither is it required to make application therefor notwithstanding the fact that permission would be granted if it were sought.[6] He is, of course, entitled to his day in court which will not be denied to him. It will be time enough for that, however, when he is released from Federal custody.

The writ is denied.

---

[5]Ponzi v. Fessenden, 258 U. S. 254, 42 S. Ct. 309, 66 L. ed. 607.
[6]See footnote 4.