## KIRBY *v.* STATE

[No. 214, September Term, 1959.]

422

*Decided May 17, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Donald P. Roman,* for appellant.

*James O'C. Gentry, Assistant Attorney General,* with
whom were *C. Ferdinand Sybert, Attorney General,* and *Saul
A. Harris, State's Attorney for Baltimore City,* on the brief,
for appellee.

HAMMOND, J., delivered the opinion of the Court.

This is a delayed appeal granted by the judge hearing a
Post Conviction Procedure Act case on the basis of a letter
seeking an appeal, written by the convicted man soon after
the original trial, but not then acted upon. The appeal is
from judgments and sentences for armed robbery and we are

urged to grant relief because of deprivation of the constitutional right to a speedy trial and the imposition of cruel and unusual punishment.

Kirby, the appellant, was sentenced in November 1948 by a federal court in the District of Columbia to nine years' imprisonment in Atlanta. On August 6, 1948, in Baltimore, Kirby had committed armed robbery in a bakery and fifteen days later had committed the same crime in a liquor store. It would appear that warrants charging him with the crimes were sworn out in 1948, witnesses having then identified him as the culprit not only from pictures presented to them by the police but also in a police line-up in the Washington jail. In 1951 Kirby wrote a judge of the Supreme Bench of Baltimore from prison in Atlanta, requesting that he "be brought to trial or that the warrant be declared void." The deputy state's attorney of Baltimore replied to Kirby that the reason he was not brought from Washington to Baltimore to stand trial was because "the Federal authorities in Washington refused to turn you over to the Baltimore police for trial" and that upon his release from Atlanta "arrangements will be made to return you to Baltimore so that you may have the speedy trial which you request." Kirby says he renewed his request for a speedy trial in 1952 and 1953.

In 1956 indictments were filed in the Criminal Court of Baltimore, charging Kirby with the two robberies with a deadly weapon. No motion to quash or dismiss the indictments for failure to have had a speedy trial was filed and the point was not otherwise made to the trial court. At the trial before a jury, various witnesses for the State testified that they had made the identification of Kirby in 1948, and said he was the man who had committed the crimes of which he was accused. Kirby's defense was alibi. He testified that on the day of one of the occurrences he was at a New York hotel and on the day of the other was in a Salvation Army hospital in Rocky Mount, N. C. He testified further that the records of the hotel could not be located and that the hospital had not answered letters of inquiry sent it by his lawyer.[1]

---

1. Kirby's present counsel told us at the argument that he had caused an investigation of Kirby's claims to be made. The hotel

The jury returned a verdict of guilty in each case, and sentences of twenty years in each case, to run consecutively, were imposed in July 1956.

No appeal was taken to this Court. In 1957 Kirby was denied the writ of *habeas corpus* and sought our leave to appeal. In *Kirby v. Warden*, 214 Md. 600, 603, we held that "The applicant failed to raise the point of undue delay in the trial court and thereby waived the constitutional right to a speedy trial. Under these circumstances it cannot now be raised in a petition for *habeas corpus.*"

Thereafter, the appellant sought a writ of *habeas corpus* from the Supreme Court of the United States but it was denied in *Kirby v. Maryland*, 357 U. S. 901, 2 L. Ed. 2d 1153. In June 1958 he sought the same writ in the Federal District Court for the District of Maryland and was turned down by Judge Thomsen because he had waived his rights to a speedy trial. In *Kirby v. Warden*, 261 F. 2d 345, the United States Court of Appeals for the Fourth Circuit noted that the ground relied on by Kirby for the issuance of the writ was a violation of his right to a speedy trial, stated the facts much as we have, and said that the order of the District Court should be affirmed, in part, because "It is apparent from the statement of facts that the petitioner's contention cannot be sustained * * *." A writ of *certiorari* to review this decision was denied by the Supreme Court in *Kirby v. Warden*, 359 U. S. 939, 3 L. Ed. 2d 639.

It is our opinion that Kirby cannot prevail on this appeal for the same reasons which have barred him from relief before. It has been held many times that no constitutional right to a speedy trial is denied, when the delay in trial is because the accused is in a federal prison. *Ex parte Schechtel* (Col.), 82 P. 2d 762; *Lee v. State* (Ark.), 47 S. W. 2d 11; *Raine v. State* (Tenn.), 226 S. W. 189; *United States v. Jackson*, 134 F. Supp. 872 (D. E. D. Ky.). See also *Baker v. Marbury*, 216 Md. 572, 574; *Kyle v. United States*, 211 F. 2d 912 (9th Cir.); *Nolly v. State* (Ct. App. Ala.), 43 So. 2d 841.

If we assume again, as we did when he was here before,

---

records were unavailable because of a change in ownership, and the hospital had no record of Kirby having been there at the times in question.

that the State of Maryland failed in a duty owed Kirby to urge the Attorney General of the United States to release him for trial in Baltimore, he is not helped. The cases almost uniformly hold that the right to a speedy trial (which is statutory as well as constitutional in some jurisdictions), like other statutory or constitutional rights, may be waived and that it is waived by failing to assert the right in the trial court. Unless that question was raised below, it is not before the appellate court for review—that is, it may not be raised for the first time on appeal because, among other reasons, a defendant cannot participate in a trial and save an objection with which to challenge an adverse verdict. A number of cases deciding these propositions are cited in an annotation in 57 A.L.R. 2d 302, 336, *et seq.* See, as illustrative, *People v. White* (N. Y.), 140 N. E. 2d 258; *Randolph v. State* (Ind.), 122 N. E. 2d 860, cert. denied 350 U. S. 889, 100 L. Ed. 783; *People v. Brame* (Ill.), 128 N. E. 2d 911; *People v. Martinez* (Cal. App.), 302 P. 2d 643; *People v. Hawkins* (Cal.), 59 P. 697; *People v. Foster* (Mich.), 246 N. W. 60; *State v. Suspirata* (Ohio App.), 50 N. E. 2d 270, app. dismissed 48 N. E. 2d 468.

The decisions of this Court have foreshadowed agreement with the reasoning and result of the cases cited. The ground of rejection of Kirby's application for leave to appeal from the denial of *habeas corpus,* reported in 214 Md. 600—waiver by failure to assert the right in the trial court—operates against him with double force on this direct appeal. Here there is not only waiver but also no point made or passed on below for the appellate court to review. The right allegedly violated, not having been asserted below, may not be resurrected as a ground for relief on appeal. *Jackson v. Warden,* 218 Md. 652. See also *Harris v. State,* 194 Md. 288, 299; *Thompson v. Warden,* 198 Md. 668; *Tutt v. Warden,* 199 Md. 691; *Banks v. State,* 203 Md. 488, 494; *Bicknell v. State,* 222 Md. 416.

Appellant's contention that the sentences imposed amounted to unconstitutional cruel and unusual punishment is not sustainable. Each sentence was lawful, *State v. Superintendent,* 195 Md. 699, and "cruel and unusual punishment" has been

426

held not to forbid imprisonment for years or for life. *Roberts v. Warden,* 206 Md. 246; *Delnegro v. State,* 198 Md. 80, 88; *Apple v. State,* 190 Md. 661.

*Judgments affirmed.*