514

BROWN *v.* STATE

[No. 232, September Term, 1959.]

Decided *June 9, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND and HORNEY, JJ.

*Perry G. Bowen, Jr.,* for the appellant.

*Robert G. Murphy, Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *David A. Harkness, State's Attorney for Calvert County,* on the brief, for the appellee.

Per Curiam.

The only question raised on this appeal is whether consecutive sentences imposed upon the appellant were so excessive, cruel and unusual as to violate the State and Federal Constitutions. The appellant was convicted of the following offenses: (1) assault with intent to murder Stanley Holland, (2) robbery of the automobile of James Clagett, (3) burglarizing the dwelling of Warren Gorman in the daytime and stealing a shotgun therefrom, (4) unauthorized use of an automobile belonging to Leroy Holland, (5) common assault upon Thomas Harris, and (6) larceny of the use of an automobile belonging to Thomas Harris. This series of crimes, in which one victim was shot and seriously wounded, was committed immediately after his release from the penitentiary after service of a prior sentence. He had a long criminal record. He was sentenced to a total of thirty-four years. It is conceded that in no instance did any sentence imposed exceed the statutory limit. There is no contention that the trial judge was actuated by prejudice or any improper motive in imposing the sentences or making them consecutive.

We find no merit in the contentions pressed. The Maryland cases make it clear that under Article 25 of our Declaration of Rights we cannot substitute our judgment for that of the trial court. See *Mitchell v. State*, 82 Md. 527; *Delnegro v. State*, 198 Md. 80; *Reid v. State*, 200 Md. 89; *Hurwitz v. State*, 200 Md. 578; *Roberts v. Warden*, 206 Md. 246; *Merchant v. State*, 217 Md. 61; *Kirby v. State*, 222 Md. 421. In *Dutton v. State*, 123 Md. 373, 385, it was noted that the Eighth Amendment to the Federal Constitution is not applicable to the States. See also *Collins v. Johnston*, 237 U. S. 502. Cf. *Louisiana v. Resweber*, 329 U. S. 459. Severity is not cruelty.

*Judgments affirmed.*