**William Franklin WILSON, Relator,**

v.

**Judge L. L. BOWMAN, Jr., Respondent.**

No. A–10233.

Supreme Court of Texas.

July 29, 1964.

Paul W. Leech, Grand Prairie, for relator.

Judge L. L. Bowman, Jr., Greenville, pro se.

WALKER, Justice.

This is an original proceeding in which William Franklin Wilson, relator, seeks a writ of mandamus directing Honorable L. L. Bowman, Jr., Judge of the 8th Judicial District Court of Hunt County, respondent, to grant him a speedy trial. On April 7 of this year the Hunt County Grand Jury returned Indictments Nos. 9507, 9508 and 9509, charging relator with three offenses of rape alleged to have been committed about two weeks before. Relator was promptly arrested and has been confined in jail since his arrest. He is unable to make bond.

The 8th Judicial District is composed of four counties. Under the provisions of Article 1919,[1] all district courts in Texas now have continuous terms, but respondent apparently holds sessions of his court in accordance with the old statutory schedule

---

1. Except as otherwise indicated, all statutes are referred to by the article number under which they appear in Vernon's Annotated Texas Civil Statutes.

of terms established by Article 199, subd. 8. In any event he was engaged in the trial of cases in Hunt County from March 2 until April 25 of this year. The cases against relator were set for April 20, but the trial of other cases that had been set earlier prevented their being reached. Early in May and while respondent was holding court in Rains County, relator filed in the 8th Judicial District Court of Hunt County a motion for a speedy trial. No action has been taken by the court on that motion. On May 14 counsel for relator wrote respondent requesting an early trial. Respondent replied that "my next term of court will be in October and cannot set this case until that time." Relator then sought relief from us, and we granted leave to file his petition for a writ of mandamus, which involves only the three indictments mentioned above.

■ Every person charged by indictment with a criminal offense is entitled to a speedy trial of the charges against him. Texas Constitution, Article 1, § 10, Vernon's Ann.St., Article 3, Vernon's Ann.C.C.P. These "provisions, adopted from the old common law, are intended to prevent the oppression of the citizen by holding criminal prosecutions suspended over him for an indefinite time, and to prevent delays in the administration of justice by imposing on the judicial tribunals an obligation to proceed with reasonable dispatch in the trial of criminal prosecutions." 14 Am.Jur. Criminal Law, § 134. They do not operate to deprive the state of an opportunity to prepare for trial, and there is necessarily some room for the exercise by the trial judge of a sound legal discretion in determining the exact date for the hearing of the charges. On the other hand, both the court and the prosecution are under a positive duty to prevent unreasonable delay. The granting of a speedy trial is not, therefore, a matter to be determined by the trial judge in the exercise of an uncontrolled personal discretion. State ex rel. Moreau v. Bond, 114 Tex. 468, 271 S.W. 379.

■ It is unnecessary for us to determine whether respondent's refusal to set the cases against relator until the next regular session of his court in Hunt County might amount to an infringement of the constitutional right to a speedy trial in the ordinary criminal proceeding. Relator is charged with rape. Article 207, Vernon's Ann.C.C.P., provides that prosecutions for rape shall take precedence in all cases in all courts. It also authorizes and directs the court to change the venue in such cases whenever necessary to secure a speedy trial. In the light of the policy declared by this statute and the power conferred upon the court thereby, it is our opinion that relator is clearly entitled to have the court in which the charges against him are pending forthwith set the same for trial at a date on or before September 1, 1964, or transfer the cases to the 62nd Judicial District Court of Hunt County as authorized by Articles 199, subd. 8 and 199, subd. 62, or order a proper change of venue, as may be necessary to insure a speedy trial of such charges. A writ of mandamus will be issued directing respondent to do so. No motion for rehearing will be entertained. Rule 515, Texas Rules of Civil Procedure.