Gary **HILTZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42233.

Court of Criminal Appeals of Texas.

July 16, 1969.

**852**

William D. Tipton, of Tipton & Bishop, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Robert C. Floyd, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is felony theft; the punishment, two years.

Record shows appellant was placed in jail on September 9, 1967, and indicted September 21, 1967. The case had been set and reset for January 12, 1968, March ·14, 1968, and April 12, 1968, but finally went to trial without a jury, on a plea of guilty on September 16, 1968. The trial judge ordered that sentence begin as of April 1, 1968.

Appellant's sole point of error is that it was an abuse of the trial judge's discretion when he did not allow this "indigent" defendant full credit for the time he has spent in jail prior to the trial of this cause.

Appellant contends that the state was at fault in causing the trial of this case to be delayed. There is no showing that appellant made any attack upon his failure to receive a speedy trial by petitioning the Supreme Court for writ of mandamus. Moreau v. Bond, 114 Tex. 468, 271 S.W. 379 (1925); Goss v. State, 161 Tex.Cr.R. 37, 274 S.W.2d 697 (1955).

No objection was made to the court's order giving appellant credit for his time in jail from April 1, 1968. The applicable portion of the Act reads:

> "* * * the judge of the court in which defendant was convicted may within his discretion, give the defendant credit on his sentence for the time, *or any part thereof*, which said defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court * * *." Art. 42.03 Vernon's Ann.C.C.P.

This Court, in Alexander v. State, 402 S.W.2d 170, 172 (1966), clearly held that the question of credit, if any, for the time appellant has spent in jail pending appeal is within the discretion of the trial judge. Attention is directed, however, to the opinion of this Court in Birchfield v. State, 401 S.W.2d 825, 829 (1966).

Finding no reversible error, the judgment is affirmed.