**BAKER v. UTECHT et al.**

**No. 13430.**

Circuit Court of Appeals, Eighth Circuit.
April 28, 1947.
Writ of Certiorari Denied June 16, 1947.
See 67 S.Ct. 1744.

Albert Baker, pro se.

J. A. A. Burnquist, Atty. Gen. of Minnesota, and Ralph A. Stone, Asst. Atty. Gen., for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

PER CURIAM.

Appellant seeks his release by habeas corpus from the Minnesota state prison, where he is under conviction and sentence by a court of that State for the offense of sodomy. The District Court denied his application for a writ.

The only substantial federal question raised by the application is appellant's charge that he was convicted without due process as guaranteed by the Fourteenth Amendment, in that he was not given a public trial.[1] It appears that the trial court ordered the court room cleared during the testimony of the prosecuting witness, a girl 13 years old, and that of her mother, as to the circumstances of the alleged offense. It is not claimed that appellant or his counsel made any objection to the order at the time, and appellant took no appeal from the judgment of conviction to the Minnesota Supreme Court.

Two and a half years later, appellant sought to raise the question, with some others, by an application to the Minnesota Supreme Court for a writ of habeas corpus, which was denied. He then filed a similar application in the District Court of Washington County, Minnesota, where a writ was issued, but the writ was discharged on a hearing and appellant was remanded to custody. He appealed to the Minnesota Supreme Court, where appellee filed a motion to quash, under Minnesota practice, to test the sufficiency of the allegations of the application to justify any issuance of the writ. The Minnesota Supreme Court sustained the motion to quash, State ex rel. Baker v. Utecht, 221 Minn. 145, 21 N.W.2d 328, and appellant then petitioned the United States Supreme Court for a writ of certiorari, which was denied, Baker v. Utecht, 327 U.S. 810, 66 S.Ct. 971, 90 L.Ed. 1034.

The opinion of the Minnesota Supreme Court considered appellant's contention on its legal merits and held, 21 N.W.2d at page 332, that, if there was in fact a denial of the right of public trial, it was not in the circumstances of the situation

---

[1] Appellant argues also that the Sixth Amendment guarantee of a "public trial" equally was violated, but "The Sixth Amendment of the national Constitution applies only to trials in federal courts." Betts v. Brady, 316 U.S. 455, 461, 62 S. Ct. 1252, 1256, 86 L.Ed. 1595, and cases there cited.

such a deprivation of due process as to make the conviction invalid in a collateral attack. The Court pointed out that appellant was admittedly represented by counsel throughout the proceeding and that he "had available an effective remedy through appeal" from his conviction. It further said: "If he had been denied the constitutional right to the benefit of counsel, * * * then we would have had an entirely different situation, in that his right of due process might have been nullified through his ignorance as a layman in not knowing how to assert his right of appeal in a timely and proper manner. The purpose of the guarantee of the right to counsel is to protect accused from a conviction resulting from his own ignorance of legal and constitutional rights. * * * Without the benefit of counsel, the accused, ignorant of his rights, would in effect stand deprived of the protective mantle of due process of law. The failure to provide counsel, unless intelligently waived, is a failure to complete the court and, as a violation of the due process clause, terminates the court's jurisdiction and stands as a bar to a valid conviction.

* * * By contrast, however, the denial of the right to a public trial [in a part of the proceeding], where the accused enjoys the benefit of competent counsel at every stage of the proceeding, does not ipso facto involve a violation of the due process clause and operate as a jurisdictional bar to a valid judgment of conviction. In the latter case, the court is complete and the accused enjoys ample corrective processes through appeal."[2]

We have previously indicated that the United States Supreme Court declined to review the decision of the Minnesota Supreme Court on appellant's petition for certiorari. In the situation presented, no reason appears why the District Court on this application for habeas corpus should assume jurisdiction to re-examine the question thus previously adjudicated. The Supreme Court has several times said that, where the state courts have considered and adjudicated the merits of an alleged violation of federal constitutional rights and the United States Supreme Court has either reviewed or declined to review the state court's decision, a federal court will not ordinarily re-examine the questions so adjudicated, on an application for habeas corpus. Ex parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448, 450, 88 L.Ed. 572; Salinger v. Loisel, 265 U.S. 224, 230-232, 44 S.Ct. 519, 521-522, 68 L.Ed. 989.

The District Court therefore did not err in refusing to issue a writ for the purpose of re-examining whether there was a denial of a public trial under such circumstances as to make the conviction invalid in a collateral attack.

The order dismissing the application is affirmed.

---

[2] In the number of applications that are now being made to the federal courts for habeas corpus, there is need to remind that, where a defendant has had the opportunity but has failed to appeal from a conviction, not every violation of a federal constitutional right is such a deprivation of due process as will, like the denial of effective assistance of counsel, vitiate the conviction and make it subject to collateral attack in habeas corpus. See Yakus v. United States, 321 U.S. 414, 444, 445, 64 S.Ct. 660, 677, 88 L.Ed. 834.