**Gentlee HOLLMAN, Petitioner,**

v.

**Fred T. WILKINSON, Acting Warden, United States Penitentiary, Lewisburg, Pennsylvania, Respondent.**

**No. 287.**

United States District Court
M. D. Pennsylvania.

Sept. 2, 1954.

On Motion to Reconsider Sept. 28, 1954.

Gentlee Hollman pro se.

No appearance for respondent.

FOLLMER, District Judge.

Petitioner seeks leave to file in forma pauperis a petition for a writ of habeas corpus. It appears from his petition that he is now a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, serving a sentence imposed by a United States District Court, and that there is lodged as a detainer a warrant issued in relation to a criminal charge now pending against him in the State Court of Brooks County, Georgia. It is his contention that he is entitled under the Sixth Amendment to the Constitution of the United States to a speedy trial in the State of Georgia, or in lieu thereof, to have the detainer withdrawn. It is also contended that the detainer may have an effect on his application for parole.

This petition cannot be entertained for a number of reasons. (1) Petitioner is not attacking the lawfulness of his present detention on the sentence of a United States Court which he is now serving and if he is seeking a ruling which might have a bearing on his eligibility for parole, habeas corpus is not the remedy. McNally v. Hill, 293 U.S. 131, 140, 55 S.Ct. 24, 79 L.Ed. 238. (2) A defendant cannot complain that he has been denied a speedy trial by reason of delay which he himself has caused. Morland v. United States, 10 Cir., 193 F.2d 297; United States ex rel. Hanson v. Ragen, 7 Cir., 166 F.2d 608. (3) State and Federal courts do not belong to the same system, so far as their jurisdiction is concurrent, so that, except for some rule of comity recognized by statute, when one system of courts takes jurisdiction of a person, that person is withdrawn from the judicial power of the other and any surrender of custody by the Federal Government to that of the State would be a matter of cooperation between sovereigns, involving no right on the part of such person. Stamphill v. United States, 10 Cir., 135 F.2d 177; Nolan v. United States, 8 Cir., 163 F.2d 768; Cato v. Smith, 9 Cir., 104 F.2d 885; Banks v. O'Grady, 8 Cir., 113 F.2d 926; United States ex rel. Pasela v. Fenno, D.C.D.Conn., 76 F.Supp. 203. (4) The Sixth Amendment invoked by petitioner applies only to trials in the Federal Courts. Baker v. Utecht, 8 Cir., 161 F.2d 304, certiorari denied 331 U.S. 856, 67 S.Ct. 1744, 91 L.Ed. 1863, certiorari denied 332 U.S. 831, 68 S.Ct. 201, 92 L.Ed. 405, rehearing denied 332 U.S. 845, 68 S.Ct. 264, 92 L.Ed. 416.

It seems needless to state that he has not exhausted his state remedies, which of course is a fact, since even if he had, it would for the reasons above stated have availed him nothing. There being no merit whatsoever in this petition his application therefor must be denied.

On motion to reconsider.

Petitioner has, in the form of a letter which is being considered as a motion, requested that this court reconsider the order heretofore entered. Petitioner states "it appears to me that the Court was under the impression that it was my contentions to -vs- the Warden of this institution, since it was not my contentions that the Warden be -vs- in this matter, I believe it to be advisable to as if this Honorable Court will reconsider the petition in this matter, * * *".

It is quite clear that what petitioner seeks is an advisory opinion in relation to a warrant lodged against him as a detainer by the State of Georgia. He is serving a Federal sentence and does not claim a right to immediate release. The proceeding, if not against the warden, would certainly leave this court without jurisdiction. The State of Geor-

gia cannot be made a respondent in this district.[1]

 As was stated in the memorandum filed with the order of September 2, 1954, "Petitioner is not attacking the lawfulness of his present detention on the sentence of a United States Court which he is now serving and if he is seeking a ruling which might have a bearing on his eligibility for parole, habeas corpus is not the remedy." This Court was not under any wrong impression. A "reconsideration" of the petition must be denied.[2]

---

1. Pebley v. "District Attorney and/or Sheriff of Mecklenburg County, Charlotte, N. C.", D.C.N.D.W.Va., 107 F. Supp. 838; United States ex rel. Pruett v. Hiatt, D.C.M.D.Pa., 55 F.Supp. 993.

2. Higgins v. Steele, 8 Cir., 195 F.2d 366.