Robert A. CHICK, Plaintiff,

v.

The COMMONWEALTH OF KENTUCKY, Boyd County, et al., Defendants.

No. 389.

United States District Court
E. D. Kentucky, Catlettsburg Division.
April 9, 1956.

Robert A. Chick, per se.

Jo M. Ferguson, Atty. Gen., W. Owen Keller, Asst. Atty. Gen., William B. Arthur, Commonwealth's Atty., Calvin R. Gearhart, Boyd County Atty., Ashland, Ky., for defendants.

SWINFORD, District Judge.

The plaintiff is confined in the Texas prison system at Huntsville, Texas. He is held under a sentence of a state court of Texas.

The Commonwealth of Kentucky and the County of Boyd in Kentucky have placed a warrant with the Texas prison system directing that the plaintiff, upon release from serving the sentence under which he is being held by the State of Texas, be held for the Kentucky authorities as a fugitive from the Commonwealth of Kentucky.

It appears from exhibits filed by the plaintiff, April 3, 1956, marked Exhibits C–C1, that he was convicted in the Boyd County, Kentucky, Circuit Court for the crime of forgery on September 8, 1943, and his punishment fixed at confinement in the Kentucky State Reformatory for a period of five years; that he was also convicted on September 8, 1943, under an indictment for the crime of uttering and delivering a worthless check over $20 and his punishment was fixed at confinement in the Kentucky State Reformatory for a period of two years; and that on each of these cases, before the sentence was pronounced by the court upon the verdict of the jury, the plaintiff escaped from the Boyd County jail and became a fugitive from justice from the Commonwealth of Kentucky.

It is alleged in the complaint that the plaintiff has repeatedly requested the defendant, the Commonwealth's Attorney, to withdraw the warrant and that he has made several petitions to the Boyd County Circuit Court for Writs of Habeas Corpus ad Prosequendum (demanding a speedy trial) and for Writs of Mandamus, all of which have been refused or ignored; that he is being held in Texas under a twenty five year sentence and that the warrant from the Common-wealth of Kentucky can serve no purpose for the reason that under the Texas law the plaintiff can receive no consideration for parole, clemency or trusty privileges while the Kentucky warrant remains on file.

The plaintiff complains that by reason of the foregoing facts he is being deprived of his civil rights under the 14th Amendment and under the Civil Rights Act, 42 U.S.C.A. § 1983.

The defendants named in the complaint are the Commonwealth of Kentucky, Boyd County, Kentucky, and William B. Arthur, Commonwealth's Attorney.

In the prayer of his complaint the plaintiff asks judgment in the amount of $10,000 and that the warrant be dismissed.

The plaintiff has been permitted to proceed in forma pauperis. He is without the benefit of an attorney and his pleadings are ineptly drawn. The language in which he attempts to assert his rights is obscure. The record contains correspondence with the Clerk, what purports to be a brief or citation of authorities by the plaintiff, and other documents.

The case is before the court on a motion to dismiss. The court has considered the record as it stands on the matters presented by the plaintiff without reference to the answer of the defendants.

The motion to dismiss the complaint should be sustained. The contention that the plaintiff is entitled under the Sixth Amendment of the Constitution of the United States to a speedy trial or in lieu thereof to have the warrant (detainer) withdrawn is without merit. He has stated no cause of action against any of the defendants under the Civil Rights Act. A court of the United States is without authority to compel the Commonwealth of Kentucky to withdraw the warrant. The State of Texas cannot be deprived of the right of its prisoner to answer for an offense against the Commonwealth of Kentucky. He has been convicted in two separate sovereigns and must answer to each for his

offenses. When the courts of one sovereign take jurisdiction of a person the prisoner is withdrawn from the judicial power of the other until the sovereign in which he is held has satisfied its judgment. Any surrender of custody by the State of Texas to the Commonwealth of Kentucky would be a matter of cooperation between these two sovereigns involving no right on the part of the person. Hollman v. Wilkinson, D.C., 124 F.Supp. 849.

█ The Sixth Amendment invoked by the plaintiff applies only to trials in the federal courts. Baker v. Utecht, 7 Cir., 161 F.2d 304, 305, certiorari denied 331 U.S. 856, 67 S.Ct. 1744, 91 L.Ed. 1863.

The plaintiff cannot complain if one sovereignty refuses to waive its strict right to custody of him for vindication of its laws. Until the end of his term and discharge, the Commonwealth of Kentucky could not assume control of his body without the consent of the State of Texas. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607.

█ This whole question narrows down to the fact that the plaintiff is complaining that the officials of the Commonwealth of Kentucky and Boyd County are making no demand upon the State of Texas that he be returned to answer the convictions in Kentucky. No court of the United States would have authority to hold the officials of a state accountable in damages for their failure to make a demand for a prisoner held by another state when there is no law requiring the second state to accede to their demand. The record reveals that the plaintiff has violated the criminal statutes of two different sovereigns. It is for them and not the criminal to decide which shall first inflict punishment. The criminal should not be heard to complain of a proceeding for which he was personally responsible. Nolan v. United States, 8 Cir., 163 F.2d 768.

This court, speaking through Chief Judge H. Church Ford, gave a succinct statement of the law in the case of United States v. Johnson, D.C., 134 F.Supp. 872.

An order in conformity with this memorandum is this day entered.