■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS VON CSEH, Appellant.— Judgment of conviction modified by reversing, on the law, all larceny counts (counts 1 through 25) and, in the exercise of discretion, such counts are dismissed and the suspended or concurrent sentences imposed thereunder eliminated, and as so modified the judgment of conviction is unanimously affirmed on the law and the facts. The larceny convictions may not stand because defendant made use of false representations (i.e., the "padded"

invoices) "in the course of accomplishing, or in aid of, or in facilitating" the theft within the meaning of section 1290-a of the Penal Law. Even if the false pretenses were used in connection with a scheme which aborted prior to the commission of the larcenies alleged, the only material deviation from such scheme was defendant's unilateral ouster of his colleagues. Thus, the false representations constituted an integral part of the embezzlement eventually committed and were adopted by defendant in order to accomplish the crime charged. (See *People* v. *Lobel,* 298 N. Y. 243, especially dissenting opinion by FULD, J.; Penal Law, § 1290-a, as amd. by L. 1950, ch. 149.) Since the larceny counts contained no allegations of any false representations, proof of them was inadmissible to sustain the larceny counts. In view of the foregoing, no determination need be made whether defendant's other contentions with respect to such larceny counts have merit and were preserved by exceptions to the charge. It is noted, however, on this record and its limited proof, that in view of the broad authority given by Man Radio to defendant and his colleagues under the agreement between Man Radio and Man Investors (e.g., the right to deposit Man Radio's funds in such manner as they saw fit), an objective manifestation of dominion inconsistent with Man Radio's authorization was required before the funds could be deemed stolen. Neither the secret accumulation of Man Radio's funds at Indus nor their subsequent transfer to defendant's personal account necessarily constituted such inconsistent dominion. Hence, the evidence supports the jury's finding that defendant committed the larcenies, as alleged, when he took down the funds from his personal account and used them himself. Similarly, therefore, there was no error in the court's refusal to grant defendant's third request. With respect to the forgery counts (i.e., counts 26, 28, 29 and 31), the evidence amply supported the jury's finding of guilt; section 1290-a was inapplicable and therefore did not inhibit the admission of proof of the "padded" invoices; and, contrary to defendant's request to charge, Mathur was not an accomplice as a matter of law in these later crimes committed by defendant individually. In view of the affirmance of the forgery convictions and the concurrent sentences imposed, the larceny counts may be dismissed, in the exercise of discretion, since no useful purpose would be served by a new trial thereon (Code Crim. Pro., § 543; *People* v. *Daghita,* 301 N. Y. 223, 228; see *People ex rel. Maurer* v. *Jackson,* 2 N Y 2d 259, 269; cf. *People* v. *Torres,* 5 A D 2d 134). Settle order. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and McNally, JJ.