**UNITED STATES of America ex rel. Louis VON CSEH, Petitioner,**

v.

**Edward M. FAY, The Warden of Greenhaven Prison, Respondent.**

United States District Court
S. D. New York.
June 5, 1961.

Kevin Thomas Duffy, New York City, for petitioner.

DIMOCK, District Judge.

This is an application for a writ of habeas corpus. Applicant is at present imprisoned pursuant to a judgment of conviction by the Court of General Sessions for New York County. He claims that the conviction was obtained in violation of his right to a speedy trial as secured by the Sixth and Fourteenth Amendments of the United States Constitution.

Applicant was tried by the Court of General Sessions on May 22, 1957, on an indictment charging grand larceny in the first degree and forgery in the second degree. The jury returned a verdict of guilty and a judgment of conviction ensued. The Appellate Division for the First Department reversed the conviction on the counts charging grand larceny and dismissed those counts, but affirmed the judgment as modified. People v. Von Cseh, 9 A.D.2d 660, 191 N.Y.S.2d 699. The Court of Appeals affirmed without opinion the order of the Appellate Division, 8 N.Y.2d 993, 205 N.Y.S. 2d 329, 169 N.E.2d 423, and the Supreme Court denied certiorari, 365 U.S. 817, 81 S.Ct. 699, 5 L.Ed.2d 695. Applicant states that he properly asserted the alleged denial of his constitutional rights raised herein at all stages of the state court proceedings and in his petition for certiorari to the Supreme Court.

The facts in support of applicant's constitutional claims appear in the petition and in a decision rendered by a Judge of the Court of General Sessions on applicant's motion to dismiss the indictment for want of prosecution. That decision is attached by applicant to his application for a writ.

The indictment against applicant was filed on October 19, 1953, and charged crimes alleged to have been committed between two and five years prior to the indictment. Four days after the indictment was filed, applicant was arraigned, pleaded not guilty and was admitted to bail. Three days later the District At-torney endeavored to bring the case on for trial, but applicant protested and obtained an adjournment for the purpose of making motions and preparing his defense. Applicant proceeded to move for a bill of particulars and for inspection of the grand jury minutes. Those motions were disposed of by May 1, 1954. Prior to that time the People had commenced to take conditional examination of a witness from India in order to perpetuate his testimony, but the examination was discontinued. On January 7, 1955, applicant's counsel expressed the desire to proceed to trial as soon as possible. At least six adjournments of trial occurred from January 7, 1955 until May, 1957, because the People's witness from India was not in New York. Applicant, on October 15, 1956, moved to dismiss the indictment for want of prosecution. The motion was denied with leave to renew on or about April 10, 1957. The motion, renewed on May 22, 1957, was again denied but the case was immediately brought on for trial.

Applicant alleges that during the pendency of the indictment he was unable to obtain any gainful employment and that the pendency of the indictment caused great mental anguish to his family and himself.

The right to a speedy trial afforded by the Sixth Amendment does not apply to criminal prosecutions in state courts. Copley v. Sweet, D.C.W. D.Mich., 133 F.Supp. 502, affirmed 6 Cir., 234 F.2d 660, certiorari denied 352 U.S. 887, 77 S.Ct. 138, 1 L.Ed.2d 91; In re Yager's Petition, D.C.E.D.Ky., 138 F. Supp. 717; Chick v. Commonwealth of Kentucky, D.C., 140 F.Supp. 418. Nor is the Sixth Amendment's guarantee of the right to a speedy trial made applicable to state prosecutions by the due process clause of the Fourteenth Amendment. In re Sawyer's Petition, 7 Cir., 229 F.2d 805, certiorari denied Sawyer v. Barczak, 351 U.S. 966, 76 S.Ct. 1025, 100 L.Ed. 1486. I have no doubt, however, that the due process clause of the Fourteenth Amendment does protect a defendant in a state court criminal prose-

cution where the trial is not only not speedy but has been subject to delay so unreasonable as to offend the fundamental sense of justice and fairness. See Note, The Right to a Speedy Criminal Trial, 57 Colum.L.Rev. 846, 861–63. My task is to apply the test to the facts of the present case.

 Any federal constitutional protection against delay in bringing a defendant to trial in the state courts which is part of due process of law guaranteed by the Fourteenth Amendment is certainly more restricted than the express right to a speedy trial in the federal courts which is given by the Sixth Amendment. The right to a speedy trial under the Sixth Amendment is waived unless and until trial is demanded no matter how extended the earlier delay. United States v. Lustman, 2 Cir., 258 F.2d 475, certiorari denied 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed. 2d 109; United States v. Fassoulis, D.C. S.D.N.Y., 179 F.Supp. 645. Any right under the Fourteenth Amendment to protection against delay in bringing a defendant to trial is therefore waived unless and until trial is demanded. No demand for a trial was made here by applicant until January 7, 1955. Applicant did not move to dismiss the indictment for want of prosecution until October 15, 1956 and the case was brought to trial on May 22, 1957. The critical delay, therefore, did not exceed two years and five months. Passing the question whether that delay might constitute a denial of a speedy trial under the Sixth Amendment it cannot be said that it was a denial of due process of law under the Fourteenth.

Applicant says that delay which occurred between the alleged commission of the offenses and the filing of the indictment ought to be considered in computing the period which allegedly is a violation of due process. This point cannot be disposed of on the ground that petitioner did not demand a speedy trial before the filing of the indictment because there was no proceeding pending in which such an application could be made. Nevertheless it may safely be stated as a proposition of law that delay in finding an indictment which does not exceed the period of a reasonable statute of limitations will not be considered in computing the period of delay which allegedly violates due process. A five year statute of limitations is surely not so long as to be unreasonable.

Since it appears from the application that applicant is not entitled to a writ of habeas corpus, see section 2243 of title 28, U.S.Code, the application is denied.