Leonard HALL, Jr.

v.

WARDEN, MARYLAND PENI-
TENTIARY.

Civ. No. 13450.

United States District Court
D. Maryland.

March 9, 1967.

William F. Mosner, Towson, Md. (court-appointed), for petitioner.

Francis B. Burch, Atty. Gen. of Maryland, and Robert F. Sweeney, Deputy Atty. Gen., Baltimore, Md., for respondent.

THOMSEN, Chief Judge.

Petitioner (Hall) has filed a petition in his original habeas corpus case seeking an order that "he be immediately freed from commitment by the State of Maryland, and that no further proceedings be brought against him because of the matter upon which he was originally indicted."

On November 11, 1959, in the Circuit Court for Baltimore County, Hall was convicted of first degree murder and sentenced to death. The conviction was affirmed on appeal, Hall v. State, 223 Md. 158, 162 A.2d 751 (July 8, 1960). The facts are set out in the careful opinion of Chief Judge Brune therein, 223 Md. at 163 et seq., 162 A.2d at 754 et seq. The evidence showed the callous murder by stabbing of a woman, aged 66, committed in connection with a robbery. On the stand in the subsequent proceeding under the Maryland Post Conviction Procedure Act, Hall admitted the robbery and admitted tying the woman and leaving her on the floor, but said that she was alive when he left.

In the PCPA proceeding Hall raised the same three points he later raised in his federal habeas corpus proceeding, namely: (1) that he had been denied an adequate opportunity to testify; (2) that material obtained as the result of an illegal search and seizure had been used as evidence at the trial and to procure damaging admissions from him; and (3) that his confession was involuntary.

The Maryland Courts denied post-conviction relief. See Hall v. Warden, 224 Md. 662, 168 A.2d 373 (March 10, 1961), cert. den. 368 U.S. 867, 82 S.Ct. 78, 7 L. Ed.2d 65 (October 9, 1961, four months after the decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, and the same day that the petition for rehearing in Mapp was denied by the Supreme Court).

Hall thereupon filed his petition for a writ of habeas corpus in this Court. The writ was granted and a hearing was held, at which Hall pressed the three points listed above. This Court found that no constitutional right had been denied Hall, and remanded him to the custody of the respondent, Hall v. Warden, D.Md., 201 F.Supp. 639 (January 23, 1962).

On appeal, the Fourth Circuit reversed on one ground only, the majority holding that certain evidence introduced against Hall had been seized in violation of his constitutional rights and that the Mapp rule should be applied retroactively. Hall v. Warden, 4 Cir., 313 F.2d 483 (January 7, 1963), cert. den. 374 U.S. 809, 83 S.Ct. 1693, 10 L.Ed.2d 1032 (June 10, 1963). The opinion of the Fourth Circuit concluded:

"Counsel for Hall does not insist that the granting of proper relief here requires Hall's release from State custody. It is suggested that the case be remanded to the District Court with instructions to afford Hall such relief as, in its discretion, 'is consistent with harmonious state-federal relations.' We conclude that the District Court should afford the State of Maryland a reasonable opportunity to retry the prisoner. In default of this, the District Court should order his release. To that end, the case will be remanded for further proceedings consistent with the views herein expressed.

"Reversed and remanded." 313 F.2d at 497.

After certiorari had been denied by the Supreme Court, Judge Winter, then a Judge of this Court on July 15, 1963,

"ORDERED, that the petition for a writ of habeas corpus be granted, and the petitioner, Leonard Hall, Jr., be released from his present commitment at the Maryland State Penitentiary.

"The effectiveness of this Order shall be stayed until August 15, 1963,

in order to permit the State of Maryland to rearraign said prisoner under the indictment. In the event of said rearraignment, the Court will entertain a motion for a further stay in order to permit the State to retry Leonard Hall, Jr., as expeditiously as possible."

On August 5, 1963, Hall was arraigned in the Circuit Court for Baltimore County.[1] On August 13 he filed a petition for removal, and the case was transferred to Howard County, where Hall filed a motion to suppress his confession. Judge Macgill granted that motion on November 13, 1963, in an opinion which went further in granting such relief than any previous decision of the Court of Appeals of Maryland. Hall then demanded a prompt trial. The State filed an appeal from Judge Macgill's order, but dismissed the appeal on January 3, 1964. The trial was held on February 11, 1964, in Howard County; the jury was unable to agree and a mistrial was declared.

On April 3, 1964, Hall filed a further motion to suppress additional evidence which had been admitted at the trial in Howard County, and on May 12, 1964, requested a transcript of that trial. After a hearing, Judge Macgill filed an opinion and entered an order on August 12, 1964, directing that certain portions of the transcript be written up, and denied the motion to suppress the additional evidence. The transcript was supplied several months later, and on January 11, 1965, Hall filed a petition for removal from Howard County. On February 18, 1965, the proceedings were removed to Montgomery County.

By notice sent in April 1965, the case was set for trial in Montgomery County on June 1, but was postponed at the request of Hall's counsel because of conflicts in his trial schedule and in that of the State's Attorney for Baltimore County. On June 29, 1965, Hall's counsel wrote the Administrative Office of the Montgomery County Court that defendant was ready for trial by jury at the earliest time the Court's schedule would permit.

Meanwhile, on June 7, 1965, the Supreme Court had decided Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601, holding that the *Mapp* rule should not be applied retroactively to judgments which had become final prior to the announcement of the *Mapp* opinion. The Supreme Court's opinion in *Linkletter* was inconsistent with the decision of the Fourth Circuit in *Hall*. This posed a novel problem, which was compounded by the decisions of the Court of Appeals of Maryland in Schowgurow v. State, 240 Md. 121, 213 A.2d 475 (October 11, 1965), and State v. Madison, 240 Md. 265, 213 A.2d 880 (November 5, 1965), which gave Hall the right, if he chose, to attack the indictment under which he was being held because persons who did not believe in God had been customarily excluded from grand juries.

On January 14, 1966, Hall's counsel wrote the State's Attorney for Baltimore County that Hall would not waive his rights under the *Schowgurow* decision, and that it would therefore be necessary to present the case to a new grand jury. Prompt attention to the matter was requested, but at the recent hearing in this Court, Hall's counsel and the State's Attorney agreed that no demand for immediate trial was made. Certainly no motion or petition was presented to this or any other Court for immediate trial or release. The Attorney General finally concluded that he should first present the *Linkletter* problem to the Fourth Circuit. He did so, on March 25, 1966, by motion to vacate that Court's 1963 judgment, but the motion was denied. Hall v. Warden, 364 F.2d 495 (July 26, 1966).

Thereafter neither Hall nor his counsel requested his release or any other action until November 22, 1966, when they filed herein his present "petition for en-

---

1. No motion for a further stay was filed in the State, and no effort to obtain release was made by Hall until this present petition was filed in November 1966.

forcement or order of release". This Court issued an order to show cause, which was answered by the State on December 22, 1966, after Hall had been re-indicted by the grand jury for Baltimore County on December 19, 1966, and arrangements had been made for a trial in Montgomery County at an early date. Arraignment in Baltimore County was set for February 10, 1967, but was postponed at Hall's request because of the pending petition in this Court.

Hall contends that he has been prejudiced by the delay because he has lost touch with certain fellow prisoners who could say that conversations with Hall to which other fellow prisoners testified in 1963 could not have occurred. The State takes the position that the delays have not been unreasonable in view of the most unusual circumstances, and that some of the delays have been caused by Hall's petitions for removal and other action on his behalf for which the State cannot be blamed. The State further argues that in any event this Court neither can nor should prohibit the State from proceeding under the new indictment, but that this Court should require Hall to present to the State Courts in the new criminal proceeding his arguments based upon the alleged unreasonable delays and exhaust his State remedies with respect thereto before presenting them to this Court.

It is not necessary to decide in this case whether a federal court in a habeas corpus proceeding can ever prohibit a State from retrying a petitioner whose release from his present confinement has been ordered by the federal court. Ordinarily, if not always, retrial is permitted. See e. g. Yaeger v. Director, 4 Cir., 319 F.2d 771, 772 (1963), where Chief Judge Sobeloff said:

"Although the sentences are void, it does not follow that the prisoner is entitled to release, for normally upon the invalidation of proceedings an appellant would be subject to retrial in the state court."

See also United States ex rel. Craig v. Myers, 3 Cir., 329 F.2d 856, 860 (1964), where Judge Hastie said:

"Finally, the district court ordered Craig's release from confinement without mention of the state's right to arraign him again on the 1931 indictment, after providing him with counsel. Whether the state could prove the 1931 charge in a 1964 trial we do not know. Whether the competent officers of the state would be so Draconian in their administration of justice as to make the attempt, we do not know. In any event, the 1931 indictment has not been invalidated. The granting of the federal writ of habeas corpus in the present circumstances does not preclude a new arraignment and trial, or the taking of proper steps to hold the defendant in custody or under bail pending trial. This may have been implicit in the judgment below. We now make it explicit."

These cases are supported by United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 777, 15 L.Ed.2d 627 (1966), a case involving 28 U.S.C.A. § 2255, in which Mr. Justice White, after stating the principles underlying the right of speedy trial, said:

"It has long been the rule that when a defendant obtains a reversal of a prior, unsatisfied conviction, he may be retried in the normal course of events. United States v. Ball, 163 U.S. 662, 671–672 [16 S.Ct. 1192, 1195, 41 L.Ed. 300]; United States v. Tateo, 377 U.S. 463, 465, 473–474 [84 S.Ct. 1587, 1593, 12 L.Ed.2d 448]. The rule of these cases, which dealt with the Double Jeopardy Clause, has been thought wise because it protects the societal interest in trying people accused of crime, rather than granting them immunization because of legal error at a previous trial, and because it enhances the probability that appellate courts will be vigilant to strike down previous convictions that are tainted with reversible error. United States v. Tateo, supra, at 466 [84 S.Ct. at 1589]. These policies, so carefully

preserved in this Court's interpretation of the Double Jeopardy Clause, would be seriously undercut by the interpretation given the Speedy Trial Clause by the court below. Indeed, such an interpretation would place a premium upon collateral rather than upon direct attack because of the greater possibility that immunization might attach."

■ In the instant case, as we have seen, the Fourth Circuit concluded "that the District Court should afford the State of Maryland a reasonable opportunity to retry the prisoner. In default of this, the District Court should order his release." 313 F.2d at 497. Judge Winter's order, quoted above, gave effect to that direction. If, under such an order, the State does not retry the prisoner with reasonable promptness under all the circumstances, the district court should order his release from the confinement which was held to violate the prisoner's constitutional rights, whether such violations consisted of an indictment by an improperly constituted grand jury, the admission at the trial of evidence obtained by an illegal search and seizure, or the deprivation of other rights. In this case it is clear that Hall can no longer be held for retrial under the original indictment, in view of the *Schowgurow* decision, quite apart from the question of delay.

■ Whether he can be retried under the new indictment raises questions under State law and under the Fourteenth Amendment. As this Court said in State of Maryland v. Kurek, D.Md., 233 F. Supp. 431 (1964), at 432, 433:

"The right to a speedy trial afforded by the Sixth Amendment does not apply to criminal prosecutions in State Courts. Gaines v. [State of] Washington, 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); Phillips v. Nash, 7 Cir., 311 F.2d 513 (1962); United States ex rel. Von Cseh v. Fay, E.D. N.Y., 195 F.Supp. 432 (1961); Copley v. Sweet, W.D.Mich., 133 F.Supp. 502, aff'd 6 Cir., 234 F.2d 660, cert. den.

352 U.S. 887, 77 S.Ct. 138, 1 L.Ed.2d 91. The Fourteenth Amendment, however, protects a defendant in a criminal proceeding in a State Court when the trial not only is not speedy but has been subject to a delay so unreasonable as to deprive him of due process. See United States ex rel. Von Cseh v. Fay, supra; In re Sawyer's Petition, 7 Cir., 229 F.2d 805 (1956), cert. den. Sawyer v. Barczak, 351 U.S. 966, 76 S.Ct. 1025, 100 L.Ed. 1486 (1956)."

The right to a speedy trial is also guaranteed by Article 21 of the Maryland Constitution, and has been discussed by the Maryland Court of Appeals in a number of cases, e. g., Harris v. State, 194 Md. 288, 71 A.2d 36 (1950); Jones v. State, 241 Md. 599, 217 A.2d 367 (1966).

■ The Court concludes that Hall should now be released from confinement under the old indictment, which resulted in the conviction which was held improper by the Fourth Circuit, and which is also invalid under *Schowgurow*, but that the question whether he may be held and tried under the new indictment should first be presented to the State Courts in the new criminal proceeding. This conclusion is in accord with the usual principles of comity applied by federal courts in cases under 28 U.S.C. § 2254. In United States v. McWilliams, D.D.C., 69 F. Supp. 812, aff'd 82 U.S.App.D.C. 259, 163 F.2d 695 (1947), In re Provoo, D.Md., 17 F.R.D. 183 (1955), aff'd 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761 (1955), and other cases cited by counsel for Hall, the point was raised in the court where the criminal case was pending.

This Court will enter an order requiring the State to release Hall from confinement under the original indictment and the judgment entered pursuant thereto. But this Court will not include in the order any prohibition against his trial under the new indictment. This denial is without prejudice to Hall's right to present to this Court any claimed denial of his rights under the Fourteenth Amendment based on unreasonable delay after he has exhausted his State remedies with respect thereto.