**Paul Curtis WALKER, Petitioner,**

**v.**

**William GANT, Commonwealth's Attorney, etc., Respondent.**

**Earl Lester AUSTIN, Petitioner,**

**v.**

**William GANT, Commonwealth's Attorney, etc., Respondent.**

**James Joseph CLEMENS, Petitioner,**

**v.**

**William GANT, Commonwealth's Attorney, etc., Respondent.**

Court of Appeals of Kentucky.

Feb. 9, 1968.

---

Paul C. Walker, pro se.

Earl Lester Austin, pro se.

James Joseph Clemens, pro se.

Robert Matthews, Atty. Gen., Howard E. Trent, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Paul Curtis Walker, Earl Lester Austin, and James Joseph Clemens have each filed an original action in this court seeking to compel William Gant, Commonwealth's attorney, Sixth Kentucky Judicial District, "to honor the rights of an accused to a quick and speedy trial or to release petitioner from any and all charges which said county may have against him, and to inform the Record Office of the Virginia State Penitentiary of their decision to withdraw the detainer warrant." Each urges that his right to a speedy trial under the Sixth Amendment to the United States Constitution has been violated.

Each petitioner is presently confined in the Virginia State Penitentiary. The present status of each is taken from an exhibit filed with the response, to-wit:

"Earl Lester Austin, alias Earl Edward Anderson, was convicted December 12, 1966, of robbery (life), burglary (20)

and abduction (10–10) in the Lynchburg City Corporation Court and given a total sentence of life and 60 years. He will be eligible for parole November 3, 1981.

"Paul Curtis Walker was convicted February 9 and April 6, 1967, of burglary (15), robbery (10), unauthorized use of car (1) and abduction (1–1) in the Lynchburg City Corporation Court and given a total sentence of 28 years. He has left to serve from a former conviction 2 years, 1 month and 24 days. He will be eligible for parole April 14, 1974.

"James Clemmons (sic), alias James Edward Parker, was convicted February 14, 1967, of robbery (15), burglary (10), grand larceny (1) and abduction (7½-7½) and given a sentence of 41 years. He has left to serve for escape from a former sentence 32 years, 5 months 16 days. He will be eligible for parole November 17, 1978."

The petitioners are in the anomalous position of insisting upon a speedy trial in the Daviess Circuit Court from whose custody they have escaped twice by breaking jail. But for their insistence on fleeing, the Daviess Circuit Court, presumably, would have disposed of their cases. It is noted that each of their convictions in Virginia is after the date, May 3, 1966, of their alleged commission of the crime of armed robbery with which they were charged on May 11, 1966. Under the circumstances the petitioners have waived their right to a speedy trial. Barker v. Commonwealth, Ky., 385 S.W.2d 671.

In Chick v. Commonwealth of Kentucky, D.C., 140 F.Supp. 418, it was held that a prisoner serving a sentence in a Texas prison had no standing to ask for a speedy trial in a Kentucky court until he had satisfied the punishment inflicted on him by a Texas court, and that the transfer of the prisoner was a matter of cooperation between the two states and did not involve any right on the part of the inmate. In view of the escapes and the character of offenses for which the peti-

tioners have been convicted, or are charged, there is a serious problem of security which the Virginia authorities might well resolve in favor of keeping the petitioners in the Virginia State Penitentiary. Further, the relief sought by petitioners cannot be obtained against a Commonwealth's attorney, a nonjudicial officer, under Kentucky Constitution Section 110. Commonwealth ex rel. Breckinridge v. Wise, Ky., 351 S.W.2d 491.

Mandamus denied.

All concur.